IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER,         )<br>                            )<br>    Plaintiff,           )<br>                            )<br>   v.                      )<br>                            )<br>PAUL RICHARDSON, et al.,    )<br>                            )<br>    Defendants.         )<br>_____ ) | No. C 13-0910 JSW (PR)<br><br>**AMENDED ORDER OF DISMISSAL** |

## INTRODUCTION

Because of an error in the caption, the order of dismissal, order granting leave to proceed in forma pauperis, and judgment filed April 15, 2013, are VACATED and replaced by this order, and a concurrently filed amended order granting leave to proceed in forma pauperis and amended judgment.

Plaintiff, a former parolee of the State of California, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against judge of the Yolo County Superior Court. The application to proceed *in forma pauperis* is granted in a separate order. For the reasons discussed below, the complaint is dismissed without prejudice.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim

is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that Defendants violated his rights to due process, equal protection, and "all constitutional bill of human rights" by denying his motion to suppress evidence and making other adverse rulings that led to his conviction and "false imprisonment." He seeks money damages and immediate release from prison.

The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under section 1983. *Id.*

Plaintiff seeks money damages for actions by Defendants that led to his

confinement in prison. When a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his confinement; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 487. It is clear from the complaint that his conviction and consequent confinement have not been invalidated. Therefore, he fails to state a cognizable claim for damages under Section 1983, and such claims must be dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (claims barred by *Heck* may be dismissed sua sponte without prejudice).

Plaintiff's claims for release from prison, if he wants to pursue such claims in federal court, must be brought in a federal habeas petition, not a civil rights complaint, after he has properly exhausted his claims in the state courts. Such claims are dismissed without prejudice to his doing so.

**CONCLUSION**

For the reasons set out above, this action is DISMISSED without prejudice.

The Clerk shall close the file and enter judgment.

IT IS SO ORDERED.

DATED: May 10, 2013

_____
JEFFREY S. WHITE
United States District Judge

|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE |
| | NORTHERN DISTRICT OF CALIFORNIA |

ANTHONY RECARDO G TURNER,

    Plaintiff,

  v.

PAUL RICHARDSON et al,

    Defendant.

                               /

Case Number: CV13-00910 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 10, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Recardo Turner-Gonzalez
Salinas Valley State Prison
P.O. Box 1051
#G27511
Soledad, CA 93960

Dated: May 10, 2013

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk